1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    GEORGE F. McCUSKER, JR.,                     CASE NO. 10cv0470-LAB (POR)

12                                  Plaintiff,      **ORDER ADOPTING REPORT
                    vs.                             AND RECOMMENDATION**
13

14    MICHAEL J. ASTRUE, Commissioner of
      Social Security,
15
                                 Defendants.
16

17         McCusker challenges the denial of his claim for disability insurance benefits by the

18    Commissioner of the Social Security Administration.   The challenge was referred to

19    Magistrate Judge Louisa Porter for a Report and Recommendation pursuant to 28 U.S.C.

20    § 636, after which McCusker and the Commissioner filed cross-motions for summary

21    judgment.   Judge Porter issued her R&R on July 14, 2011, finding for the Commissioner.

22    McCusker filed an objection to the R&R, and the Commissioner filed a reply.

23         This Court reviews an R&R on dispositive motions pursuant to Fed. R. Civ. P. 72(b).

24    Rule 72(b) "makes it clear that the district judge must review the magistrate judge's findings

25    and recommendations de novo *if objection is made*, but not otherwise." *United States v.*

26    *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

27         The parties do not dispute the R&R's account of the procedural and factual

28    background of McCusker's benefits claim, so the Court will rely on those accounts here.

(R&R at 2–7.)  In fact, what the parties *do* dispute is a relatively narrow question: In determining McCusker's "residual functioning capacity" — which is relevant to the fourth and fifth steps of the sequential evaluation process for determining whether an individual is disabled — did the ALJ properly consider the psychiatric evaluation of Dr. Nicholson?  The ALJ certainly considered the evaluation in some way.  He kept the evidentiary record open after a January 13, 2009 hearing to allow for the receipt of Dr. Nicholson's report (AR 13), and in completing the second step of the evaluation process — whether McCusker has a severe medically determinable impairment — he reiterated at length Dr. Nicholson's findings. (AR 16.)  But did the ALJ consider Dr. Nicholson's evaluation in determining McCusker's residual functioning capacity?  He did.  Specifically, he found that McCusker's own account of his disabling symptoms was not credible for thirteen reasons, one of which was that "Dr. Nicholson reported that the claimant was capable of understanding, remembering and completing simple and complex tasks in a nonpublic setting."  (AR 19.)

McCusker's complaint is that the ALJ disregarded, for no apparent reason, three of Dr. Nicholson's findings:

> 3.  The claimant's ability to relate and interact with other co-workers and the public is moderately limited.
>
> 5.  The claimant's ability to associate with day-to-day work activity, including attendance and safety is moderately limited.
>
> 7.  The claimant's ability to maintain regular attendance in the work place and perform work activities on a consistent basis is mildly limited.

He argues that these findings are uncontroverted and that, contrary to the holding in *Lester v. Charter*, the ALJ rejected them without "clear and convincing" reasons for doing so.  81 F.3d 821,  830 (9th Cir. 1995).

The Court disagrees.  First, as the R&R explains, the ALJ was not obliged to *discuss* all of the evidence presented to him so long as the record suggests the evidence was considered.  *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984).  And the record does suggest that the ALJ considered the entirety of Dr. Nicholson's report. (AR 16, 19.)  The Court agrees with the R&R that "Plaintiff's RFC, considered on its

face, is supported by relevant evidence in the case record and properly identifies Plaintiff's functional limitations and restrictions and properly assesses his remaining capacities for work-related activities."  (R&R at 12.)

Second, as the R&R explains, the ALJ did not exactly reject Dr. Nicholson's findings. In gauging McCusker's residual functioning capacity, the ALJ noted that "Dr. Nicholson reported that the claimant was capable of understanding, remembering and completing simple and complex tasks in a nonpublic setting." (AR 19.) Contrary to McCusker's reading, this was a distillation of Dr. Nicholson's findings rather than an adoption of those findings that support a denial of benefits and a baseless rejection of those that do not.  The mere fact that Dr. Nicholson found McCusker to have limited capacities in certain respects does not automatically support a finding that he is disabled.  Indeed, while Dr. Nicholson did find that McCusker might have difficulty interacting with co-workers and keeping regular attendance at a job, he found that: McCusker "is able to understand, remember, and carry out simple one or two-step job instructions"; McCusker "is able to do detailed and complex instructions"; McCusker's "ability to accept instructions from supervisors is not limited"; and McCusker's "ability to perform work activities without special or additional supervision is not limited." (AR 276.)  The ALJ took note of *all* of Dr. Nicholson's findings in his decision.  (AR 16.)  Thus, the ALJ didn't *reject* the findings of Dr. Nicholson that McCusker now highlights as much as he found that, in light of Dr. Nicholson's other findings and other evidence before him, McCusker is not disabled: "Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (AR 21.)

//

//

//

//

//

1     The Court **ADOPTS** the R&R in its entirety.  The record shows that the ALJ took

2 ample and appropriate account of all of Dr. Nicholson's findings.  The ALJ's decision is

3 therefore supported by substantial evidence and it is free of legal error.  *See Webb v.*

4 *Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (articulating standard of review).

5     **IT IS SO ORDERED**.

6 DATED:  September 12, 2011

7

8 **HONORABLE LARRY ALAN BURNS**
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0470